IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:23-cr-00006-MAH-KFR |
| Plaintiff, | ORDER |
| v. | |
| ERICA ELISOFF, | |
| Defendant. | |

HERNÁNDEZ, Senior District Judge:

Defendant Erica Elisoff moves to compel discovery related to Assistant United States Attorney ("AUSUA") Karen E. Vandergaw's appearance in this case and former Judge Joshua Kindred's subsequent recusal. Mot. to Compel, ECF 148. Because neither Federal Rule of Criminal Procedure ("Rule") 16, the Fifth Amendment, nor the Sixth Amendment supports her argument, Defendant's motion is denied.

"Upon a defendant's request, the government must permit the defendant to inspect and to copy . . . papers, documents, data . . . if the item is within the government's possession, custody or control and the item is material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i). "[A]

defendant must make a prima facie showing of materiality before obtaining discovery under Rule 16(a)(1)(E)." *United States v. Heine*, 314 F.R.D. 498, 501 (D. Or. 2016). That showing must be more than a "general description of the information sought" or "conclusory allegations of materiality." *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990) (discussing former Rule 16(a)(1)(C)). [1] And to be "material," an item must pertain "to the preparation of [a defendant's] defense against the Government's case in chief." *United States v. Armstrong*, 517 U.S. 456, 463 (1996) (discussing former Rule 16(a)(1)(C)). Thus, it encompasses materials that a defendant can use as a "shield" against the government's argument that they committed the charged crime, but it does not include materials that the defendant would use as a "sword" to challenge the prosecutor's "conduct of the case." *United States v. Harold*, 734 F. Supp. 3d 1102, 1114 (D. Or. 2024) (citing and discussing *Armstrong*, 517 U.S. at 462).

Defendant has failed to make a prima facie showing of materiality for the requested materials and is not entitled to discovery under Rule 16. Defendant seeks a broad range of communications. Mot. to Compel 6–8. But her conclusory allegations that those items "are material to preparing a defense," *id.* at 10, are insufficient. The materials could not be used as a shield against the charges for which she was indicted. *See* Indictment 2, ECF 2 (charging Defendant with knowingly and intentionally distributing a controlled substance and knowingly and intentionally possessing controlled substances with intent to distribute). Rather, Defendant seeks the materials to use them as a sword to challenge the United States' conduct in prosecuting her case. That is outside the scope and purpose of Rule 16(a)(1)(E). Therefore, Defendant cannot rely on Rule 16(a)(1)(E) as a basis to compel the disclosure of the requested items.

---

[1] Former Rule 16(a)(1)(C) is substantially similar to Rule 16(a)(1)(E) as currently drafted. *See United States v. Chon*, 210 F.3d 990, 994 n.4 (9th Cir. 2000).

2 – ORDER

Case 3:23-cr-00006-MAH-KFR    Document 163    Filed 03/20/25    Page 2 of 5

Due process requires the prosecution to disclose "evidence favorable to an accused . . . where the evidence is material either to guilt or to punishment." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). But courts have also recognized that due process can require disclosure of materials related to a defendant's claim of selective prosecution, *Armstrong*, 517 U.S. at 468–70, or outrageous government conduct, *Harold*, 734 F. Supp. 3d at 1115. But both claims have an "onerous" standard for discovery that is "'nearly as rigorous as that for proving the claim itself.'" *Id.* at 1116 (citing and discussing *United States v. Sellers*, 906 F.3d 848, 852 (9th Cir. 2018)). An outrageous government conduct claim is limited to "'extreme cases in which the defendant can demonstrate that the government's conduct violate[d] fundamental fairness and [was] so grossly shocking and so outrageous as to violate the universal sense of justice.'" *Id.* (quoting *United States v. Mohamud*, 843 F.3d 420, 435 (9th Cir. 2016)). And to obtain discovery, a defendant must present "clear evidence contrary to the presumption that a prosecutor has not violated the Constitution." *Id.* at 1115 (internal citation and quotation omitted).

Defendant has failed to show that due process requires disclosure of the requested items. For the reasons explained above, the requested items are not material to Defendant's guilt and therefore are not *Brady* materials. Nor has she met the high threshold required for a due-process-based claim. Defendant argues that "[t]here is no other explanation for Vandergaw's [appearance in the case] other than to force [Judge Kindred's] recusal." Mot. to Compel 11. Standing alone, that assertion is nothing more than speculation. Moreover, it is directly rebutted by the United States. Vandergaw was instructed to enter an appearance due to the need for a second chair AUSA on the case, the limited number of available and experienced AUSAs, and the lack of substantive motions practice in the case before her appearance. Resp. to Mot. to Compel 19–20, ECF 157; Sherman Decl. ¶¶ 8–14, ECF 157-6. Vandergaw was not instructed to enter an

appearance "for the purpose of forcing the case to be reassigned to another district court judge." Sherman Decl. ¶ 14. In sum, Defendant has not met the rigorous standard required for discovery of the requested materials on due process grounds.

The Sixth Amendment right to present a defense can be violated by an erroneous ruling excluding evidence and foreclosing certain discovery avenues. *United States v. Stever*, 603 F.3d 747, 757 (9th Cir. 2010). But that is limited to situations in which barring discovery would "cut out the heart of the defense" or "so eviscerate the defense as to be unconstitutional." *United States v. Salyer*, 271 F.R.D. 148, 152 (E.D. Cal. 2010).

Defendant has failed to show that the requested materials are necessary for her defense. As explained, she seeks them for purposes other than to combat the United States' case in chief against her. Therefore, the Sixth Amendment also does not support her Motion to Compel.

Defendant argues that the materials "may lead to an argument that [she] may be entitled to a disinterested prosecutor" or show that sanctions are appropriate. Mot. to Compel 10. To the extent that Defendant raises those arguments as a basis to compel disclosure, the Court rejects them for the reasons already described. The United States' Response and the Sherman Declaration offer legitimate explanations for why Vandergaw entered an appearance. And Defendant's bare assertion of "flagrant misbehavior," Mot. to Compel 14, is an insufficient basis to compel disclosure, let alone give rise to sanctions.

In sum, Defendant has failed to show that she is entitled to the requested materials under any of the sources of authority that she cites. Accordingly, the Court denies her Motion to Compel.

## CONCLUSION

The Court DENIES Defendant's Motion to Compel Discovery [148].

IT IS SO ORDERED.

DATED: March 20, 2025.

_____
MARCO A. HERNÁNDEZ
United States Senior District Judge