SCOTT BRADFORD
United States Attorney
District of Oregon

ALANA B. WEBER
STEPHAN A. COLLINS
Assistant U.S. Attorneys
District of Alaska
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: alana.weber@usdoj.gov
Email: stephan.collins@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ERICA MICHELLE ELISOFF,<br><br>　　　　　Defendant. | No. 3:23-cr-00006-MAH |

**NOTICE OF GOVERNMENT'S INTENT TO INTRODUCE EVIDENCE OF THE DEFENDANT'S STATEMENTS AT TRIAL PURSUANT TO FED. R. EVID. 801(D)(2)**

　　　　The United States hereby provides notice of its intent to offer in its case-in-chief a jail call audio clip containing a statement made by the defendant following her arrest. The Rules of Evidence allow admissions of out-of-court statements where they are (1) made by the defendant and (2) are offered against the defendant. Fed. R. Evid.

801(d)(2)(A); *see also United States v. Pelisamen*, 641 F.3d 399, 410 (9th Cir. 2011) (defendant's own statements made during television interview admissible over hearsay objection). Unlike prior inconsistent statements governed by Rule 613, the admissibility of a defendant's own statements does not depend on the substance of the defendant's testimony at trial. *See U.S. v. Kenny*, 645 F.2d 1323, 1339-40 (9th Cir. 1982). Indeed, a defendant's own out-of-court admissions "surmount all objections based on the hearsay rule" and are "admissible for whatever inferences the [factfinder] could reasonably draw." *United States v. Matlock*, 415 U.S. 164, 172 (1974).

The Ninth Circuit has held that an arrestee has no reasonable expectation of privacy in the outbound calls he makes from jail. *United States v. Van Poyck*, 77 F.3d 285, 290-91 (9th Cir. 1996). Thus, the introduction of those communications at trial does not violate a defendant's Fourth, Fifth, or Sixth Amendment rights. *United States v. Rushwam*, 275 Fed. Appx. 684, 685 (9th Cir. Apr. 28, 2008) (approving trial court's admission of recorded jail calls at trial). Consistent with this guidance, district courts routinely admit statements made by defendants during jail calls.

On April 12, 2023, the defendant spoke with a person she addressed as her son and directed him to reach out to AT&T and to "go ahead and suspend my number, the 5201". The recorded statement is probative of the defendant's identity as the user of the 5201 phone number who agreed to sell cocaine base to the CI on December 21, 2021. The recording was previously provided to counsel for the defense and is attached hereto as Exhibit 1.

U.S. v. Elisoff
3:23-cr-00006-MAH

The government intends to play only the relevant portion of the call between 04:00 and 05:00 minutes in. The government will elicit limited foundational testimony from TFO Seth McMillan that the call was lawfully recorded in order to mitigate any potential prejudice from knowledge of the defendant's incarceration.

RESPECTFULLY SUBMITTED October 20, 2025 at Anchorage, Alaska.

SCOTT BRADFORD
United States Attorney
District of Oregon

/s Alana B. Weber
ALANA B. WEBER
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2025 a true and correct copy of the foregoing was served electronically on all counsel of record.

/s Alana B. Weber